Gary E. Rebenstorf Director of Law and City Attorney City Hall — Thirteenth Floor 455 North Main Street Wichita, Kansas 67202-1635
Dear Mr. Rebenstorf:
As attorney for the city of Wichita, you request our opinion regarding the authority of a city to call and conduct an advisory election. Specifically, you ask the following:
 "1. May the City conduct its advisory election at the same time and in the same places as the general election in November (1994)?
 "2. May the City conduct its advisory election at the same time and in the same places as City primary or general elections (1995)?
 "3. May the County Election Commissioner conduct the City advisory election for the City?
 "4. May the County Election Commission's conduct of the advisory election include the submission of a special question ballot along with other election issues submitted at the general or City elections?
 "5. If it is determined that the Election Commissioner cannot conduct a city advisory election at the same time as regular elections, may the City contract with the County Election Commissioner to use the administrative skills, facilities, and resources of the County Election Office to conduct a city advisory election at some other time or by mail ballot?"
An advisory election is an election at which the views of a particular electorate are solicited through the balloting process with respect to a specific issue or question, and the expression of such views has no binding effect upon the governing body soliciting such opinion. Blevinsv. Board of Douglas County Commissioners, 251 Kan. 374, 383 (1992). An advisory election called by a city is held only at the discretion of a city commission or council, and not in response to the commands of any statute. Attorney General Opinion No. 83-177. The governing body of a city may, pursuant to the home rule authority granted by section 5 of article 12 of the Kansas constitution, call and hold an advisory election, provided such advisory election is for a public purpose and is not an unauthorized delegation of legislative authority. Id.
In Attorney General Opinion No. 83-177, the authority of a county election officer to conduct an advisory election was addressed:
 "While the county election officer is empowered to conduct city elections [K.S.A. 25-2104(b), 25-2110, 25-2810], such officer's authority is limited to the supervision of only those elections authorized by statute, and no others. [Citation omitted.] Accordingly, if a city desires to hold an advisory election, it cannot rely upon the county election officer to supervise the proceedings, for such action would be in excess of that officer's authority. Our reasoning and conclusions herein are consistent with Kansas Attorney General Opinion No. 79-44 regarding the home rule powers of counties to conduct advisory elections." (Emphasis added.)
In 1985, the Kansas legislature amended K.S.A. 25-2413, adding subsection (e) to the statute. The statute provides:
"Disorderly election conduct is willfully:
. . . .
 "(e) engaging in any of the following activities within 250 feet from the entrance of a polling place during the hours the polls are open on election day:
"(1) solicitation of contributions; or
 "(2) conduct of advisory elections other than those specifically authorized by law, including the exercise of home rule power, to be conducted by a county election officer." (Emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early DetectionCenter, Inc. v. Wilson, 248 Kan. 869, 874 (1991). It is a cardinal rule of construction that all statutes are to be so construed as to sustain them rather than ignore or defeat them; to give them operation if the language will permit, instead of treating them as meaningless. Martindalev. Tenny, 250 Kan. 621, 632 (1992).
Disorderly election conduct occurs in those instances in which an advisory election, other than one authorized by statute or home rule, is conducted within 250 feet of the entrance of a polling place during the hours the polls are open on election day. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. at 629. An advisory election conducted on the day of a primary or general election does not constitute disorderly election conduct if polling places for the advisory election are located beyond 250 feet of the entrance of polling places for a primary or general election. There is no statutory prohibition regarding conduct of an advisory election on the day of a primary or general election, provided the polling places for the advisory election are not within 250 feet of the entrance of a polling place for a primary or general election. Further, there are instances in which polling places for an advisory election may be located within 250 feet of the entrance of polling places for a primary or general election.
It is presumed the legislature was aware that prior to enactment of L. 1985, ch. 118, sec. 11, a city had the authority to call an advisory election, but the advisory election could not be conducted by the county election officer. See Attorney General Opinion No. 83-177. Through enactment of L. 1985, ch. 118, sec. 11, the legislature intended to modify such prohibition, and permit the county election officer to conduct advisory elections. However, K.S.A. 25-2413 does not place upon the county election officer an obligation to conduct advisory elections. Rather, the legislature has granted the county election officer discretion in deciding whether to conduct advisory elections. Conduct of an advisory election within 250 feet of polling places for a primary or general election continues to constitute disorderly election conduct unless the advisory election is called pursuant to specific authorization by law or pursuant to the exercise of home rule powers, and the county election officer will conduct the advisory election. The ability to place polling places for an advisory election within 250 feet of polling places for a primary or general election depends in part on whether the county election officer will be conducting the advisory election.
While polling places for an advisory election may be within 250 feet of polling places for a primary or general election in those instances in which the county election officer conducts the advisory election, separate polling places for the advisory election must be maintained. "No ballots other than those provided and printed in accordance with law shall be delivered to a voter, deposited in a ballot box or counted." K.S.A. 25-2906. As noted in Attorney General Opinion No. 83-177, an advisory election is not called in response to the commands of any statute. Therefore, election judges and clerks appointed pursuant to K.S.A. 25-2801 may not distribute, collect, or count ballots for an advisory election.
Pursuant to K.S.A. 19-3419, a county election commissioner has been appointed in Sedgwick county by the secretary of state. In those counties having a county election commissioner, the county election commissioner is the county election officer, K.S.A. 25-2504, and possesses those powers and duties prescribed in K.S.A. 19-3419 et seq., including those powers and duties relating to the conduct, supervision, and control of elections previously conveyed upon the county clerk. K.S.A. 19-3422. Because the county election commissioner possesses the powers and duties regarding the conduct, supervision, and control of elections, the county election commissioner has been granted the authority to conduct advisory elections. While there continues to be no statutory requirement that a county election commissioner conduct advisory elections, the legislature has through enactment of L. 1985, ch. 118, sec. 11 granted discretionary authority upon the county election commissioner to conduct such elections.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm